UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-000121-JRS-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| COREY KRUSE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00121-JRS-MJD |
| | ) | |
| COREY KRUSE, | ) | -1 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Corey Kruse has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 63. For the reasons explained below, his motion is **DENIED**.

## I.      Background

In July 2020, Mr. Kruse pleaded guilty to two counts of production of child pornography and one count of attempted production of child pornography in violation of 18 U.S.C. § 2251(a). Dkt. 52 at 1. In December 2017, Mr. Kruse lived in Pittsboro, Indiana with another person. Dkt. 36 at 9–10. Mr. Kruse's girlfriend would visit his home on occasion. *Id.* For approximately four years, Mr. Kruse used various hidden cameras in his home to record videos of his girlfriend's minor children and a minor relative of his roommate. *Id.* at 10. The videos were taken while the three minors were disrobing, bathing, showering, or redressing. *Id.* The videos depicted the genital or pubic areas of his girlfriend's children. *Id.* Mr. Kruse also possessed numerous other child pornography videos and images. *Id.* at 10–11.

Mr. Kruse faced a guidelines range of 324 to 405 months of imprisonment. Dkt. 40 at 12. The Court imposed a below-guidelines sentence of 192 months of imprisonment on each count

served concurrently followed by 10 years of supervised release. Dkt. 52 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Kruse's anticipated release date (with good-conduct time included) as April 17, 2034. https://www.bop.gov/inmateloc/ (last visited January 3, 2024).

Mr. Kruse has filed a pro se motion for compassionate release. Dkt. 63. Mr. Kruse argues that he establishes extraordinary and compelling reasons for compassionate release because (1) the primary caregiver for his minor son has died unexpectedly; (2) he suffers from a number of serious health conditions which render him vulnerable to serious infection if he were to contract COVID-19; (3) the conditions of his incarceration are unduly harsh; and (4) he has undergone substantial rehabilitation while incarcerated. Dkt. 63 at 1. The Court has concluded that it can resolve the motions without a response from the United States.

## II.    Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Kruse argues that his desire to be home to provide care for his son constitutes an extraordinary and compelling reasons for release. Dkt. 63 at 1–2. Mr. Kruse states that his son's mother died in February 2022 leaving his son in the care of his paternal grandparents who are not financially able to provide care for him. *Id.* Mr. Kruse's son currently lives with his son's ex-stepfather and suffers from depression, anxiety, and psychosis. *Id.*

The Court will assume without deciding that Mr. Kruse has established that the death of his minor child's caregiver is an extraordinary and compelling reason for compassionate release. *See* U.S.S.G. § 1B1.13(b)(3)(A).[1] The Court nevertheless finds that Mr. Kruse is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing in his favor, Mr. Kruse has no prior criminal history, dkt 40 at 7–8, and he will have a residence with his parents and son upon release, dkt. 63 at 13. While in BOP, Mr. Kruse has maintained employment through UNICOR, volunteered to work with inmates experiencing suicidal thoughts, and has engaged in education programming. Dkt. 63 at 10–11. Weighing against him, Mr. Kruse committed a serious crime. He also received a below guidelines sentence as agreed to in his plea agreement, dkt. 36 at 5, which constitutes a substantial benefit at sentencing. Further,

---

[1] The Court makes no determination whether the remaining reasons for release argued by Mr. Kruse constitute extraordinary and compelling reasons for release but has considered them insofar as they are relevant to the 18 U.S.C. § 3553 factors analyzed below.

[2] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Mr. Kruse was sentenced just over three years ago and is not scheduled to be released from prison until April 2034; thus, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Kruse early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.     Conclusion

For the reasons stated above, Mr. Kruse's motion for compassionate release, dkt. [63], is **denied**.

**IT IS SO ORDERED.**

Date: 1/22/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Corey Kruse
Register Number: 16332-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160